IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-01758-RM-STV

**358 LIBERATION LLC**

Plaintiff,

v.

**COUNTRY MUTUAL INSURANCE COMPANY, an Illinois company**

Defendant.

_____

**MOTION TO ENFORCE SETTLEMENT AGREEMENT, MOTION FOR FEES AND
COSTS ASSOCIATED WITH ENFORCING SETTLEMENT AGREEMENT AND
CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1**
_____

Defendant Country Mutual Insurance Company, through counsel Spies, Powers & Robinson,

P.C., submits the following Motion to Enforce Settlement Agreement and Motion for Fees and Costs

Associated with Enforcing Settlement Agreement pursuant to the Court's Order re: Hearing of July

14, 2017 [ECF No. 80].

**I.      CERTIFICATE OF CONFERRAL PER D.C.COLO.LCivR 7.1.**

The undersigned has conferred and made reasonable efforts to confer with counsel for the

Plaintiff prior to filing this motion.  This conferral was addressed briefly at the July 14, 2017,

hearing in this matter.  Since the hearing date, the undersigned has sent emails to counsel of record

and spoken with attorney Michael Duffy by telephone on Tuesday, July 25, 2017.  Contrary to the

attached emails documenting the settlement achieved on June 9, 2017, counsel for the Plaintiff has

not provided any facts upon which the settlement should be challenged.  Indeed, counsel for the

Plaintiff has provided no information challenging the settlement, as demonstrated by the vagaries

contained in Merlin Law Group's July 28,2017 Motion to Withdraw [Doc. 83] and Plaintiff's July 11, 2017 Notice of Compliance with Minute Order [Doc. 78].

## II.      MOTION TO ENFORCE SETTLEMENT AGREEMENT.

### A.      FACTS.

1.      On June 9, 2017, the parties reached a settlement of this matter.  The settlement is confirmed in writing, and it was confirmed further by the Plaintiff's filing of a Notice of Settlement with the Court.  The settlement terms are not confidential.  Attached hereto as Exhibit A is an email from the Plaintiff's attorney of record at time of settlement and thereafter, Brandee Bower, communicating the Plaintiff's settlement offer at 8:03 a.m. on June 9, 2017.  Attached as Exhibit B is an email exchange whereby Country Mutual communicated a counteroffer in writing that was accepted by the Plaintiff in writing at 11:53 a.m. on June 9, 2017.

2.      Pursuant to the settlement agreement, Plaintiff's counsel prepared a draft Joint Notice of Settlement to be filed with the Court with a request that the undersigned review it and authorize it for filing.  The email exchange for this confirmation of the settlement is attached as Exhibit C.

3.      Counsel for the Plaintiff then filed a Notice of Settlement [ECF No. 71] with the Court and affirmatively confirmed that the parties had reached a settlement whereby the case would be dismissed upon the completion of dismissal documents.

4.      By Minute Order that same day [ECF No. 72], the Court vacated the Trial Preparation Conference scheduled for June 9, 2017 (vacated at the parties' request) and instructed the parties to file dismissal documents on or before July 10, 2017.  Plaintiff would have received both the Notice of Settlement and the Minute Order vacating the Pretrial Conference and setting a deadline for the submission of dismissal documents.  Despite that, the Plaintiff filed no contemporaneous challenge

to the fact of settlement.

5.     On June 16, 2017, attorney Michael Duffy, as counsel of record for the Plaintiff, contacted the undersigned by telephone to confer about an issue concerning this Court's prior Order regarding the Plaintiff's experts.  As confirmed by Mr. Duffy during the July 14, 2017 hearing, Mr. Duffy did not raise any concerns with the settlement during this call, and the issue with the prior Order striking experts was not a contingency of the settlement.

6.     By email dated June 21, 2017, the undersigned forwarded to counsel for the Plaintiff a draft General Release for the Plaintiff's review and signature.  Email attached as Exhibit D. Upon receipt of that email, neither counsel of record, nor the Plaintiff, voiced any doubt or question as to the fact of settlement.

7.     By email dated July 3, 2017, counsel of record for the Plaintiff, Brandee Bower, sent an email advising of "new contact information." The email did not address the status of the dismissal documents and did not raise any questions or doubt as to the June 9, 2017 settlement.  Ms. Bower's email did not advise of any change in status as to Ms. Bower's association with the Merlin Law Group.  Similarly, the Merlin Law Group did not advise of any change in Ms. Bower's status as counsel of record; nor did the Merlin Law Group advise of any change in its status as counsel of record (until the filing of its Motion to Withdraw this Friday, July 28, 2017).

8.      Attorney Duffy first attempted to enter his appearance in this case on December 7, 2016 [Doc. 56].  Although the recently filed Merlin Group Motion to Withdraw characterizes Mr. Duffy as "trial counsel" no such limiting scope of representation was stated by Mr. Duffy when he entered his appearance.  *Id.*  Ms. Bower has been counsel of record throughout these proceedings. See Entry of Appearance [Doc. 11] following removal from state court.  She did not attempt to

withdraw until after the Court's issued its July 11, 2017 show cause Minute Order [Doc. 74].

9.      Ms. Bower attended all hearings, depositions and the settlement conference conducted with JAG, Inc., in this case.  Mr. Duffy also appeared by telephone at the December 12, 2016, Final Pretrial Conference with the Magistrate Judge. At no point did they advise of any limitations in their authority to represent the Plaintiff.

10.      On July 10, 2017, when there was no response from Ms. Bower, Mr. Duffy, or the Merlin Law Group concerning the draft release and dismissal documents, the undersigned contacted attorney Duffy.  Attorney Duffy again confirmed the settlement, but was uncertain as to the status of dismissal documents because Ms. Bower no longer was with the firm.  During the conferral, attorney Duffy advised that Ms. Bower only recently had left the firm.  He confirmed, nonetheless, that Ms. Bower still was associated and employed with the Merlin Law Group at the time of the June 9 settlement.  At no time during the July 10 conferral did attorney Duffy advise of any concern or disagreement with the fact of settlement, although he did allow that he was uncertain as to whether the release and dismissal documents could be completed that week.  During the July 14, 2017 hearing, there was no suggestion that Ms. Bower was not employed on the June 9, 2017 date of settlement, and there was no suggestion that she exceeded her authority as an employee of the firm.

**B.      LEGAL AUTHORITY.**

1.      <u>It Is Proper To Enforce The Settlement Agreement Because The Agreement Meets The Elements Of An Enforceable Contract Under Colorado Law</u>.

A trial court has the power to enforce the settlement of the parties while a case is pending before it. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). A settlement agreement is a contract between the parties. *Williams v. M&T Bank*, Civil Action No. 09-CV-00369-WDM-BNB, 2010 U.S. Dist. LEXIS 116653, at *10 (D. Colo. Oct. 5, 2010)*,* citing

*Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997). The Court must apply state contract law to resolve issues of the formation, construction, and enforcement of a settlement agreement. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004); see also *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000). A settlement agreement is not required to be in writing. *S.C. Ins. Co. v. Fisher*, 698 P.2d 1369, 1372 (Colo. App. 1984).

To enforce a settlement agreement, a party must establish the essential elements of a contract, which means a "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Siribuor v. UHS of Denver, Inc.*, Civil Action No. 12-CV-0077-RBJ-KLM, 2012 U.S. Dist. LEXIS 116866, at *8 (D. Colo. Aug. 20, 2012), quoting *Indus. Prods. Int'l, Inc. v. Emo Trans., Inc.*, 962 P.2d 983, 988 (Colo. App. 1997). "The essential elements of a settlement agreement are a definitive offer and acceptance, consideration, and parties who have the capacity and authority to agree". *Citywide Bank of Denver v. Herman*, 978 F.Supp. 966, 976 (D. Colo. 1997).

Plaintiff cannot, and has not, disputed the fact that there was a settlement in this matter that was confirmed in writing as documented by the attached email correspondence and the parties' later ratification.  The record reflects the necessary elements. The Plaintiff's counsel communicated to Defendant's counsel that Plaintiff's counsel had continued authority to settle Plaintiff's claim. See Exhibit A. Defendant's counsel issued a counter-offer via email response, which Plaintiff's counsel accepted, also via email. See Exhibit B. Consistent with these terms, Plaintiff's counsel drafted and filed a Joint Notice of Settlement on June 12, which "settled and compromised all of the claims and disputes between them in this action". Plaintiff now appears to dispute the enforceability of the settlement, although the grounds are unknown given the lack of communication by the Plaintiff, or

any of its representatives, since the June 9 settlement date nearly two months ago

        2.        <u>Plaintiff's Counsel Had Proper Authority To Bind Plaintiff to Settlement Agreement</u>.

"The attorney-client relationship is that of principal and agent." *Siener v. Zeff*, 194 P.3d 467, 471 (Colo. App. 2008); see also *Lucier v. Midland Credit Mgmt.*, Civil Action No. 14-CV-00847-WJM-MJW, 2014 U.S. Dist. LEXIS 140156, at *5 (D. Colo. Oct. 2, 2014). While an attorney of record may settle a matter with express authority, "this general principle must be considered in connection with the rule that an attorney of record is presumed to have authority to compromise and settle litigation of his client". *Thomas v. Colo. Tr. Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966), citing *Radosevich v. Pegues*, 133 Colo. 148, 292 P.2d 741 and *United States v. Beebe*, 180 U.S. 343, 21 S. Ct. 371, 45 L. Ed. 563. In Colorado, "as to the disputing parties' attorney authority to settle, the 'implied authority' principles apply." *Lucier v. Midland Credit Mgmt.*, at *5, citing *Siener v. Zeff*, 194 P.3d 467.

The record clearly demonstrates counsel's authority to bind the Plaintiff to the documented settlement on June 9, 2017. Plaintiff's counsel conveyed to Defendant's counsel her authority to settle via the June 9 email. See Exhibit A. "There is a presumption that an attorney has express authority to settle unless there is evidence to the contrary in the record." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004), citing *Thomas v. Colo. Tr. Deed Funds, Inc.*, 366 F.2d 136, 139; see also *Mitchell v. Howard*, No. 14-CV-1068-WYD-NYW, 2016 U.S. Dist. LEXIS 33988, at *9 (D. Colo. Jan. 25, 2016).

Also, as noted above, Ms. Bower appeared on the Plaintiff's behalf at all hearings, depositions and the mediation with JAG. That record demonstrates both express and implied authority. See *Mitchell v. Howard*, at *16 (implied authority first derived from express authority);

see also *Cross v. Dist. Court of First Judicial Dist.*, 643 P.2d 39, 41 (Colo. 1982) (the Court similarly considered whether "the record establishes that there was... precedent special authority...to settle or compromise [the] civil action"); *Namoko v. Cognisa Sec., Inc.*, Civil Action No. 05-CV-00763-WDM-MEH, 2007 U.S. Dist. LEXIS 11605, at *4 (D. Colo. Feb. 16, 2007) ("Plaintiff's counsel specifically told defense counsel that she had Plaintiff's authority to settle the case"). Between the date of the Notice of Settlement, on June 12, and until Plaintiff's Notice Regarding Settlement, dated July 21, neither the Defendant nor the Court were apprised that there may exist any issue regarding limited authority to settle the litigation. In subsequent discussions, Plaintiff's counsel affirmed the settlement and gave no indication that there existed an issue as to authority or mistake of fact. Further, Plaintiff provided no notice that it would seek to avoid the settlement.

Nor would Colorado law support an assertion that Plaintiff's counsel had limited authority to settle. In *Shoels v. Klebold*, 375 F.3d 1054, 1060-1061, the principal argued that principal's counsel had exceeded counsel's limited authority to settle because, in preceding negotiations, the principal had limited counsel's authority to specific settlement amounts, and that matter's subject settlement was less than the amounts previously authorized. The 10th Circuit disagreed that such prior conduct would negate subsequent authority. "Parties often relax their supposedly non-negotiable demands over the course of negotiations, and the mere fact that a party does so through counsel does not suggest that counsel has exceeded the scope of his express authority". *Id.* at 1061.

At the late date of July 11, Plaintiff's counsel did not provide any information regarding authority, erroneously asserting attorney-client privilege to in response to defense counsel's

inquiries regarding compliance with the Court's Order and with the terms of the Agreement. See

*S.C. Ins. Co. v. Fisher*, 698 P.2d 1369, 1371 (Colo. App. 1984) (The attorney-client privilege does

not preclude discussion between parties of whether settlement was authorized, nor does the privilege

protect communications made to an attorney with the intent that they be conveyed to a third party,

nor is settlement authority a matter prepared by the attorney in anticipation of litigation). To date,

the Plaintiff has not made any showing that Plaintiff's counsel lacked authority to bind the Plaintiff

under the Agreement.

Absent an affirmative showing of a limitation on the authority to settle, or any "hint of a

division" between Plaintiff's counsel and Plaintiff regarding the Plaintiff's intention to settle,

Plaintiff's counsel here retained proper authority to bind the Plaintiff to the settlement. *Shoels v.*

*Klebold*, 375 F.3d at 1061.

3.      Plaintiff's Representative Ratified The Settlement Agreement.

A principal ratifies an act of its agent by either "(a) manifesting assent that the act shall affect

the person's legal relations, or (b) conduct that justifies a reasonable assumption that the person so

consents." *Siener v. Zeff*, 194 P.3d 467, 471 (Colo. App. 2008), citing Restatement (Third) of

Agency § 4.01(2) (2006). "[A] principal must have full knowledge of all material facts of the

transaction prior to the ratification, or at least knowledge of facts that would lead a reasonable

person to investigate further". *Id.,* citing *Hauser v. Rose Health Care Systems*, 857 P.2d 524, 529

(Colo. App. 1993); see also Restatement (Third) of Agency § 4.06 cmt. d ("A fact finder may

conclude that a principal has made [a choice to ratify an action without knowing all material facts]

when the principal is shown to have had knowledge of facts that would have led a reasonable person

to investigate further."). "The law presumes whatever reasonable diligence would disclose. A

litigant will not be heard to say he was ignorant of facts which it was to his interest to know, and which, if awake, he would have known." *Gordon v. Pettingill*, 105 Colo. 214, 218, 96 P.2d 416 (1939).

The Plaintiff expressly authorized Plaintiff's counsel to settle the matter pursuant to a prior settlement conference, and thereafter on June 9, implicitly authorized Plaintiff's counsel to settle the matter prior to filing the Notice of Settlement and requesting that the Pretrial Conference be vacated. The Plaintiff's silence in raising any objection to the settlement in light of those affirmative representations to the Court are significant and serve to act as a ratification. Moreover, the Merlin Law Group has expressly confirmed that Ms. Bower conducted settlement discussions on the Plaintiff's behalf and "communicated with the Plaintiff's representative regarding settlement negotiations." See Plaintiff's Notice of Compliance with Minute Order [Doc. 78], at 2, ¶5. She also made such express representations as to her authority in the June 9 emails concerning settlement. Since that date, the Plaintiff has not challenged its counsel's authority to settle and the fact of the settlement confirmed on June 9, 2017.

Colorado contract law also supports a finding that the Plaintiff here ratified the settlement because the Plaintiff has delayed any objection for nearly two months. Defendant has irretrievably conceded to a negotiation position, and now, the Defendant must incur more labor, delay, and expense due to Plaintiff's late, and vague, attempt to revoke authority from its counsel of record.

"[B]ecause there is at least one other party involved in a settlement (who, in the absence of further action or proceedings on the claim against it, is entitled to rely on the fact that the case has been resolved), when a client discovers that an attorney has "settled" his claim without authority, the client must either timely repudiate the settlement and proceed with the lawsuit or ratify the

settlement as an acceptable bargain. *Siener v. Zeff*, 194 P.3d 467, 471 (Colo. App. 2008). Ratification may be found where a party-principal fails to repudiate its counsel-agent's act, or delays to do so. *Gordon v. Pettingill*, 105 Colo. 214, 217, 96 P.2d 416, 417 (1939).

Courts indeed consider the passage of time, and its consequence, in determining the merit of a principal's subsequent repudiation of a settlement. See e.g. *Cross v. Dist. Court of First Judicial Dist.*, 643 P.2d 39 (Colo. 1982) (principal repudiated statements imputed to him "within hours").

A party who knowingly and voluntarily authorizes the settlement of his claims cannot avoid the terms of the settlement simply because he has changed his mind. *Williams v. M&T Bank at *11*, citing *Woods v. Denver Dept. of Revenue*, 45 F.3d 377, 378 (10th Cir. 1995).

Based on the foregoing, Country Mutual respectfully requests an Order awarding it reasonable costs and fees associated with the filing of this motion and all conferrals and hearings attendant to this Motion.  Attorney fees and costs incurred in litigating this Motion to Enforce Settlement are appropriate given the Plaintiff's unfounded resistance to recognizing the validity of the Agreement. Plaintiff has delayed nearly two months in asserting any claim against enforceability, impeded fulfillment of the Court's Order to file dismissal papers, and continues to refuse to engage in conferral substantiating Plaintiff's basis for a claim of lack of counsel's authority to settle. Plaintiff has also thus squandered judicial resources. See e.g. *St. Paul Guardian Ins. Co. v. Cordova Constructors MS*, LLC, No. 1:12CV56-GHD-DAS, 2015 U.S. Dist. LEXIS 60733, at *18-*19 (N.D. Miss. Apr. 17, 2015); *S. Star Cent. Gas Pipeline, Inc. v. Cline*, No. 10-CV-2233 JAR/DJW, 2014 U.S. Dist. LEXIS 5394 (D. Kan. Jan. 15, 2014).  If the Court grants this relief, Country Mutual will submit a verified bill of costs and fees within 15 days of any Order granting such relief.

WHEREFORE, Defendant Country Mutual therefore respectfully requests the Court to grant

its Motion to Enforce the settlement documented and verified by emails dated June 9, 2017.

Defendant Country Mutual also requests that the subject matter be dismissed with prejudice upon

completion of reasonable settlement documents and a release consistent with the settlement.

Defendant Country also respectfully requests and Order awarding reasonable fees and costs and for

such other relief as the Court deems just and proper.


      Respectfully submitted on July 31, 2017,

                             **SPIES, POWERS & ROBINSON, P.C.**

                             *s/ Brendan O. Powers*

                             _____

                             Brendan O. Powers, #21401
                             Priscilla Tomescu, #46766
                             950 S. Cherry Street, Suite 700
                             Denver, Colorado  80246
                             Telephone: (303) 830-7090
                             Facsimile:  (303) 830-7089
                             Email:  powers@sprlaw.net
                                     tomescu@sprlaw.net
                             **Attorneys for Defendant Country Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I electronically filed the foregoing Motion to Enforce Settlement Agreement, Motion for Fees and Costs Associated with Enforcing Settlement Agreement and Certificate of Compliance with D.C.Colo.LCivR 7.1 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Brandee B. Bower
Merlin Law Group, P.A.
999 18th Street, Suite 3000
Denver, CO 80202
bbower@merlinlawgroup.com
*attorneys for Plaintiff*

Michael W. Duffy
Merlin Law Group, P.A.
181 West Madison, Suite 3475
Chicago, IL  60602
mduffy@merlinlawgroup.com
*attorneys for Plaintiff*

*s/ Melissa Phillips*

_____